**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **AUSENCIO PEREZ ANACLETO** | § | |
| | § | |
| **V.** | § | **A-14-CA-394-SS** |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **Director, Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in Support (Document 2); Respondent's Answer (Document 9); and Petitioner's Reply (Document 12). Petitioner, proceeding pro se, has paid the full filing fee for his case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

**A.      Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to judgments and sentences of the 390th Judicial District Court of Travis County, Texas. Petitioner was charged in three causes with one count of aggravated assault and two counts of driving while intoxicated. On

June 4, 2010, Petitioner pleaded guilty to all charges. Thereafter, the trial court assessed punishment at 15 years' imprisonment on the aggravated assault count and ten years' imprisonment on each driving while intoxicated count. Petitioner did not file a direct appeal. He did, however, challenge his convictions in state applications for habeas corpus relief. Petitioner filed his first round of applications on or about April 13, 2012. Ex parte Anacleto, Appl. No. 77,675-01, -02, -03. On May 23, 2012, the Texas Court of Criminal Appeals dismissed the applications as noncompliant with state procedural rules. On or about August 14, 2012, Petitioner filed a second state application for habeas corpus relief in each of his causes. Ex parte Anacleto, Appl. No. 77,675-04, -05, -06. On September 26, 2012, the Texas Court of Criminal Appeals denied in part and dismissed in part the state application in Application No. 77,675-04[1] and denied the remaining two applications.

**B.     Petitioner's Grounds for Relief**

Petitioner argues he received ineffective assistance of counsel and his state habeas proceedings were defective.

## II.   DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Respondent moves to dismiss Petitioner's application as time-barred. Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

---

[1] Prior to the Court of Criminal Appeals ruling on this application, the trial court entered a judgment nunc pro tunc correcting a clerical error in its judgment. The original judgment erroneously reflected Petitioner was sentenced to 15 years' imprisonment instead of 10 years' imprisonment for one of his counts of driving while intoxicated.

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's convictions became final, at the latest, on July 5, 2010, at the conclusion of time during which he could have appealed his convictions.  See TEX. R. APP. P. 26.2(a).  Therefore, Petitioner had until July 5, 2011, to timely file his federal application raising his claims of ineffective assistance of counsel.  Petitioner did not execute his federal application for habeas corpus relief until January 30, 2014, after the limitations period had expired.

Petitioner's first state applications did not operate to toll the limitations period, because they were not properly filed.   An improperly filed state habeas petition has no effect on the one-year time-bar.  See Artuz v. Bennett, 531 U.S. 4, 8 (2000) ( "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.") They also were filed after the limitations period had already expired.  Similarly, Petitioner's second state applications did not operate to toll the limitations period, because they were also filed after the

limitations period had already expired.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Accordingly, Petitioner's claims challenging the assistance he received from counsel are time-barred.

Petitioner's claims challenging the state habeas court's alleged failure to properly address his

claims and the trial court's alleged erroneous findings of fact are also time-barred.  The Texas Court

of Criminal Appeals denied Petitioner's second round of state habeas applications on September 26,

2012, more than a year before Petitioner executed his federal application.[2]

Petitioner contends the Supreme Court decisions in Trevino v. Thaler, 133 S. Ct. 1911 (2013)

and Martinez v. Ryan, 132 S. Ct. 1309 (2012) excuse his dilatoriness.  However, as explained by

Respondent, these cases only establish a narrow exception when a habeas petitioner's ineffective

assistance of trial counsel claims are otherwise barred by procedural default.  These cases do not

apply to the federal statute of limitations. See Arthur v. Thomas, 739 F.3d 611 (11th Cir. 2014)

(explaining that the Martinez decision applies only to the issue of cause to excuse the procedural

default of an ineffective assistance of trial counsel claim that occurred in a state collateral

proceeding).

Petitioner may also be asserting he is entitled to equitable tolling.  The AEDPA's statute of

limitations is subject to equitable tolling in proper cases. See Holland v. Florida, 560 U.S. 631, 645

(2010).  "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

prevented timely filing.'"  Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 130

S. Ct. at 2562) (alteration in original) (internal quotation marks omitted).  Holland defines

---

[2] The Court additionally notes infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas corpus relief.  Wheat v. Johnson, 238 F.3d 357, 361 (5th Cir. 2001); Vail v. Procunier, 747 F.2d 277 (5th Cir. 1984).

"diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." 560 U.S. at 653 (internal citations and quotation marks omitted). The Fifth Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights." See, e.g., Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period); Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998) (finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline"). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714. The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his

5

rights," and noted that "excusable neglect" does not support equitable tolling.  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).  The Court finds that Petitioner's circumstances are not "rare and exceptional" in which equitable tolling is warranted.  See Tiner v. Treon, 232 F.3d 210 (5th Cir. 2000) (holding allegations that the State, the district attorney, and his attorney on direct appeal would not provide inmate a copy of his state records did not constitute rare and exceptional circumstances warranting equitable tolling).  Moreover, the Court finds Petitioner did not exercise due diligence in filing his state applications for habeas corpus relief, which were all filed after the limitations period expired.

Petitioner may also be  contending the untimeliness of his application should be excused, because he is actually innocent.  In McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), the Supreme Court recently held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in Schlup v. Delo, 513 U.S. 298, 329 (1995).  A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. See Schlup, 513 U.S. at 326–27 (1995); see also House v. Bell, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under Schlup). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency.  Bousely v. United States, 523 U.S. 614, 623–624 (1998).  In this case, Petitioner has made no valid attempt to show he was actually innocent of the crimes to which he previously pleaded guilty.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists

7

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

8

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of June, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE