IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2014 JUL -2  AM II: 49

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

AUSENCIO PEREZ ANACLETO,
                                    Petitioner,

-vs-                                                    Case No.  A-14-CA-394-SS

WILLIAM STEPHENS, Director, TDCJ-CID,
                                    Respondent.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Ausencio Perez Anacleto's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1]; the Report and Recommendation of the United States Magistrate Judge (R&R) [#13], and Anacleto's Objections [#18]; Anacleto's Motion to Strike Respondent William Stephens's Response [#14]; Anacleto's Motion to Appoint Counsel and Interpreter [#15]; and Anacleto's Motion for Extension of Time to File Objections [#17]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders ACCEPTING the R&R and DISMISSING Anacleto's petition WITH PREJUDICE because it is time-barred.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Anacleto is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections.

28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

### Background

Anacleto is presently incarcerated and serving three sentences arising out of three convictions in three separate cause numbers in the 390th Judicial District Court of Travis County, Texas. Anacleto was charged with one count of aggravated assault and two counts of driving while intoxicated. On June 4, 2010, Anacleto pleaded guilty to all charges, and the court sentenced Anacleto to 15 years' imprisonment on the assault charge and ten years' imprisonment on each DWI charge.

Anacleto did not appeal any of his convictions or sentences. On April 13, 2012, Anacleto filed state applications for habeas corpus relief in each of his three cases. *Ex parte Anacleto*, Appl. Nos. 77,675-01, -02, -03. The Texas Court of Criminal Appeals dismissed all three applications as noncompliant with state procedural rules on May 23, 2012. On August 14, 2012, Anacleto filed another set of three state habeas applications. *Ex parte Anacleto*, Appl. Nos. 77,675-04, -05, -06. On September 26, 2012, the Texas Court of Criminal Appeals denied in part and dismissed in part the -04 application, and denied the other two applications.

Anacleto executed his federal petition on January 30, 2014. Anacleto asserts the following grounds for relief: (1) he received ineffective assistance of trial counsel; (2) the "appellate court failed to respond to petitioner's ineffective assistance of counsel claim;" and (3) "the findings of fact report was made with evidence that is contradictory with previously submitted reports, documents." Pet. [#1], at 6–7.

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitation period for state inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). More specifically, § 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitation period may be tolled if the petitioner properly files a state application for habeas corpus relief. 28 U.S.C. § 2244(d)(2).

Anacleto's conviction became final, at the latest, on July 5, 2010, at the conclusion of time during which Anacleto could have appealed his conviction. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Anacleto therefore had until July 5, 2011 to timely file his federal petition. Anacleto executed his federal petition on January 30, 2014, long after the limitation period expired. The record does not reflect any unconstitutional state action impeded Anacleto from filing for federal habeas corpus relief before the limitation period expired. *See* 28 U.S.C. § 2244(d)(1)(B). Nor do the claims raised by Anacleto concern a constitutional right recognized by the Supreme Court within the

-3-

last year and made retroactive to cases on collateral review. *See id.* § 2244(d)(1)(C). Anacleto also has not shown he could not have discovered the factual predicates of his claims through the exercise of due diligence. *See id.* § 2244(d)(1)(D).

Anacleto's numerous state habeas corpus applications did not operate to toll the limitation period because they were filed in 2012, after the limitation period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Anacleto's first round of state applications were also improperly filed, and therefore did not toll the limitations period. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). To the extent Anacleto complains about the state habeas court's resolution of his applications, those claims are time-barred, too. The Texas Court of Criminal Appeals denied Anacleto's second round of state habeas applications on September 26, 2012, more than one year before Anacleto executed his federal petition. As the R&R explained, Anacleto's invocation of *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and possibly *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), is unavailing because *Trevino* and *Martinez* do not apply to AEDPA's statute of limitations. R&R at 4 (citing *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.").[1]

The R&R also thoroughly explained why Anacleto has not shown the "rare and exceptional" circumstances necessary to justify equitably tolling AEDPA's state of limitations. *See* R&R at 4–6. In his Objections, Anacleto argues such circumstances exist in his case because (1) Respondent

---

[1] In his Objections, Anacleto correctly notes *Arthur* is not a Fifth Circuit decision and is therefore not binding on this Court. It is, however, a persuasive analysis of *Martinez* and has been cited by Texas courts for this reason. *See Humphries v. Stephens*, No. 4:13-CV-74S-A, 2014 WL 308404, at *3 (N.D. Tex. Jan. 28, 2014) (holding *Martinez* and *Trevino* "address excusing a procedural default of a claim and do not apply to the federal statute of limitations or the tolling of that period" and citing *Arthur*); *see also Hunter v. Stephens*, No. H-13-877, 2013 WL 5671295, at *5 (S.D. Tex. Oct. 16, 2013) (holding, pre-*Arthur*, that *Martinez* and *Trevino* do not relate to statute of limitations).

Stephens's Response admits Anacleto's counsel was ineffective, and (2) Anacleto does not speak English and cannot use the legal materials available to him without a volunteer interpreter. Anacleto's first point is simply wrong; nowhere in Stephens's Response [#9] does Stephens admit Anacleto received ineffective assistance of counsel. The line Anacleto cites for such an admission instead states Anacleto must have known the factual predicates of his ineffective assistance of counsel claims at the time of his state proceedings. Resp't's Resp. [#9], at 5. In other words, whatever facts Anacleto would use to prove his ineffective assistance of counsel claim—counsel's failure to investigate witnesses, for example—were available to Anacleto at the time his counsel was representing him, and thus the statute of limitations should run from the date his convictions became final. Anacleto's second point presents typical challenges associated with incarceration, not "rare and exceptional" circumstances. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir. 1999).

Anacleto does not appear to be contending he is actually innocent. To the extent he is and seeks to excuse his timeliness on that basis under *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the R&R correctly explained Anacleto has failed to meet his burden. Specifically, Anacleto has not provided or even alluded to the existence of any new, reliable evidence showing it was more likely than not no reasonable juror would have convicted him (an outcome especially unlikely where the petitioner previously pleaded guilty and thus convicted himself).

Anacleto's Objections take issue with Respondent Stephens's alleged failure to respond to Anacleto's allegations in his petition. Anacleto has also moved to strike Stephens's Response on these same grounds. Stephens did respond to Anacleto's allegations. Specifically, Stephens argued Anacleto's claims are time-barred, largely unexhausted or procedurally defaulted, waived by his

guilty plea, and fail to state a basis for federal habeas corpus relief. *See* Resp't's Resp. [#9] at 4–11. Because Anacleto has no legally viable claims in light of the statute of limitations and other bars, the response did not need to delve further into the merits.

Finally, Anacleto has also moved for the appointment of counsel and an interpreter. Federal habeas petitioners do not have a constitutional right to counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Counsel may be appointed if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Because Anacleto's claims are time-barred, the appointment of counsel (or an interpreter) is not necessary.

## Conclusion

The Court agrees with the Magistrate Judge: Anacleto's petition is time-barred by AEDPA and must be DISMISSED WITH PREJUDICE.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a

district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Anacleto's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

IT IS ORDERED that Petitioner Ausencio Perez Anacleto's Objections [#18] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge (R&R) [#13] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner Ausencio Perez Anacleto's Motion to Strike Respondent William Stephens's Response [#14] is DENIED;

IT IS FURTHER ORDERED that Petitioner Ausencio Perez Anacleto's Motion to Appoint Counsel and Interpreter [#15] is DENIED;

IT IS FURTHER ORDERED that Petitioner Ausencio Perez Anacleto's Motion for Extension of Time to File Objections [#17] is DISMISSED AS MOOT in light of Anacleto's filed objections;

IT IS FURTHER ORDERED that Petitioner Ausencio Perez Anacleto's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] is DISMISSED WITH PREJUDICE as time-barred by AEDPA;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 2nd day of July 2014.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE